# EXHIBIT A

Jeffrey S. Lipkin, Esq. (Attorney No. 016951991)
LAW OFFICE OF JEFFREY S. LIPKIN
1000 C Lake Street
Ramsey, New Jersey 07446
(201) 962-3876
Attorneys for Plaintiff,
Artech Information Systems, LLC

| | |
|---|---|
| ARTECH INFORMATION SYSTEMS, LLC, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO. |
| Plaintiff, | |
| v. | Civil Action |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | **COMPLAINT** |
| Defendant. | |

Plaintiff Artech Information Systems, LLC ("Artech"), by and through its attorneys, the Law Office of Jeffrey S. Lipkin, by way of Complaint against Defendant Philadelphia Indemnity Insurance Company ("PIIC"), alleges as follows:

## THE PARTIES

1. Artech is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey. Artech is a minority- and women-owned diversity supplier and one of the largest IT staffing companies in the United States.

2. Upon information and belief, PIIC is an insurance company admitted by the State of New Jersey Department of Banking and Insurance to sell insurance policies to policyholders in the State of New Jersey.

## THE WAFULA CLAIM

3. In or about June 2017, Esther Wafula was an Artech employee who was temporarily placed for employment at Novartis Pharmaceuticals.

4. In or about September 2017, Ms. Wafula's employment at Novartis Pharmaceuticals was terminated for cause.

5. By letter dated November 30, 2017 (the "Claim Letter")[1], Gregory R. Noble, Esq., on behalf of Ms. Wafula, alleged that the termination of Ms. Wafula's employment at Novartis Pharmaceuticals was in violation of the New Jersey Law Against Discrimination ("LAD").

6. The Claim Letter was addressed to Artech as follows:

> Swati Srivastava
> Human Resources Manager
> Artech Information Systems, LLC
> 360 Mt. Kemble Avenue
> Suite 2000
> Morristown, New Jersey 07936

7. At all times, Ms. Srivastava was an Artech employee located in India and was neither Artech's Human Resources Manager nor located at Artech's Morristown, New Jersey location.

8. Ms. Wafula communicated with Ms. Srivastava a number of times and, upon information and belief, knew that Ms. Srivastava was neither Artech's Human Resources Manager nor located at Artech's Morristown, New Jersey location.

9. In or about early December 2017, the Claim Letter was received in Artech's mailroom and was placed unopened in a holding bin for unidentified mail, because the Claim

---

[1] By using the term "Claim," Artech does not concede that the November 30, 2017 letter constitutes a "Claim" as that term is defined in the PIIC Policy. Artech reserves all of its rights on this issue.

Letter was not addressed to an Artech employee who was located at Artech's Morristown, New Jersey location.

10. On or about January 19, 2018, the unopened Claim Letter was forwarded to Kenneth Calitri, Artech's Executive Director of Human Resources.

11. Mr. Calitri's opening and review of the Claim Letter on or about January 19, 2018 was Artech's first notice of the issues addressed in the Claim Letter.

12. On July 26, 2018, Ms. Wafula filed a Complaint in an action styled <u>Esther Wafula v. Artech Information Systems, LLC, et al.</u>, Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-4457-18 (the "Wafula Action"), seeking damages on account of the allegations made in the Claim Letter.

## THE PIIC POLICY

13. In return for a substantial premium that Artech fully paid to PIIC, PIIC sold to Artech a Private Company Protection Plus policy, policy no. PHSD1306137, for the policy period from December 31, 2017 to January 1, 2019 (the "PIIC Policy"), which includes Employment Practices Liability Insurance ("EPLI").

14. Item 4 of the Declarations Page of the PIIC Policy contains the following selection of coverage by Artech:

> 4. **Coverages, Limits of Insurance and Deductibles:**
>
> ☐ Loss Sustained Option    x Discovery Option
> (If no box is checked, the Loss Sustained Option shall apply)

15. The Insuring Agreement of the EPLI coverage part (Part 2) of the PIIC Policy provides that:

> [PIIC] shall pay on behalf of [Artech], **Loss** from **Claims** made against [Artech] during the **Policy Period** . . ., and reported to

>[PIIC] pursuant to the terms of this Policy, for an **Employment Practice Act.**

16. The EPLI coverage part (Part 2) of the PIIC Policy defines **Employment Practice Act** to include, *inter alia*, any actual or alleged wrongful dismissal, discharge or termination of employment, violation of employment discrimination laws (including harassment) and wrongful deprivation of a career opportunity.

17. The EPLI coverage part (Part 2) of the PIIC Policy states that it is to "be read in conjunction with the Common Policy Definitions, Exclusions and Conditions Sections, Part 4, 5, 6 below."

18. The Common Policy Definitions (Part 4) of the PIIC Policy states that "[a] **claim** shall be considered made when an **Insured** first receives notice of the **Claim**."

19. The Common Policy Exclusions (Part 5) of the PIIC Policy contains the following exclusion:

>[PIIC] shall not be liable to make any payment for **Loss** in connection with any **Claim** made against [Artech] . . . arising out of, based upon or attributable to: 1. any litigation or demand against an **Insured** pending on or before the respective Prior and Pending Date set forth in Item 5 of the Declarations Page, or the same or essentially the same facts as alleged in such prior litigation (the "Prior and Pending Claim Exclusion").

20. The Prior and Pending Date set forth in Item 5 of the Declarations Page is December 31, 2017, which is the inception date of the PIIC Policy.

## PIIC'S COVERAGE DENIAL

21. In or about August 2018, Artech tendered the Wafula Action to PIIC for defense and coverage under the PIIC Policy.

22. By letter dated November 9, 2018, PIIC denied any duty to defend or indemnify Artech in connection with the Wafula Action on the grounds, *inter alia*, that (i) the Claim was

not made during the policy period of the PIIC Policy, but rather in November 2017 when the Claim Letter was allegedly sent, and (ii) the Prior and Pending Claim Exclusion bars coverage because a Claim was pending prior to December 31, 2017.

23.     In light of PIIC's denial of any duty to defend, Artech hired its own defense counsel, at its own significant expense, to defend Artech in connection with the Wafula Action.

24.     By letter dated January 7, 2020, Artech challenged PIIC's November 9, 2018 coverage denial based upon, *inter alia*, the facts (as described above) that clearly demonstrate that Artech first received notice of the Claim Letter on or after January 19, 2018 and not in November 2017, thereby making the claim made during the PIIC Policy period.

25.     By letter dated January 22, 2020, PIIC again denied any duty to defend or indemnify Artech in connection with the Wafula Action based upon, *inter alia*, the Prior and Pending Claim Exclusion.

26.     In its January 22, 2020 letter, PIIC took the position that as long as the Claim Letter was <u>sent</u> prior to December 31, 2017 – regardless of whether it was received by Artech or not – the Prior and Pending Claim Exclusion bars coverage.  PIIC also took the position that the date the Claim Letter was opened (i.e. the date that Artech first received notice of the claim) is not material to the Prior and Pending Claim Exclusion, but rather, the date of the Claim Letter (whether accurate or not) controls the exclusion's applicability.

## COUNT ONE
### (Declaratory Judgment)

27. Artech repeats and reiterates the allegations set forth in paragraphs 1 through 26 of its Complaint as if set forth at length herein.

28. An actual controversy exists between Artech and PIIC concerning whether, and to what extent, PIIC is obligated to provide a defense and insurance coverage to Artech under the PIIC Policy with respect to the Wafula Action.

29. Artech hereby requests a declaratory judgment that PIIC is obligated to provide a defense and insurance coverage to Artech under the PIIC Policy with respect to the Wafula Action.

## COUNT TWO
### (Breach of Contract)

30. Artech repeats and reiterates the allegations set forth in paragraphs 1 through 29 of its Complaint as if set forth at length herein.

31. The PIIC Policy contains various provisions specifying PIIC's obligations to defend and indemnify Artech with respect to the Wafula Action.

32. Notwithstanding those obligations, PIIC has refused to provide any defense or indemnity coverage for Artech with respect to the Wafula Action.

33. As a result of the aforementioned conduct, PIIC has breached its contractual obligations under the PIIC Policy.

34. Artech has performed all material obligations imposed upon it by the PIIC Policy, except to the extent such performance was either prevented or excused by PIIC.

35. As a direct and proximate result of PIIC's breach, Artech has suffered damages in amounts as will be proven at the trial of this action.

## COUNT THREE
### (Reformation of the Prior and Pending Claim Exclusion)

36. Artech repeats and reiterates the allegations set forth in paragraphs 1 through 35 of its Complaint as if set forth at length herein.

37. At the time Artech purchased the PIIC Policy, its' reasonable expectation was that it would have EPLI coverage for claims deemed made against it during the PIIC Policy period, subject to the reporting requirements in the PIIC Policy, including claims (such as the Wafula Action) of which Artech was not aware before the inception date of the PIIC Policy but made aware of for the first time during the PIIC Policy period.

38. Upon information and belief, at the time PIIC sold the PIIC Policy to Artech, PIIC's reasonable expectation was that Artech would have EPLI coverage for claims deemed made against Artech during the PIIC Policy period, subject to the reporting requirements in the PIIC Policy, including claims (such as the Wafula Action) of which Artech was not aware before the inception date of the PIIC Policy but made aware of for the first time during the PIIC Policy period.

39. Artech's selection of the "Discovery Option" in Item 4 of the Declarations Page of the PIIC Policy comports with Artech's and PIIC's reasonable expectations.

40. The Common Policy Definitions (Part 4) of the PIIC Policy comport with Artech's and PIIC's reasonable expectations.

41. The Prior and Pending Claim Exclusion, as interpreted by PIIC in its January 22, 2020 letter, however, does not comport with Artech's and PIIC's reasonable expectations, because PIIC's attempted interpretation eliminates any requirement that Artech be aware of any "litigation or demand" prior to December 31, 2017 in order for the Prior and Pending Claim Exclusion to apply.

42. PIIC's attempted interpretation of the Prior and Pending Claim Exclusion represents unconscionable conduct that does not comport with Artech's reasonable expectations and would result in Artech having an inequitable gap in its EPLI coverage for the Wafula Action despite paying substantial premiums for consecutive, uninterrupted EPLI coverage during the relevant time period.

43. In the event that it is determined that the Prior and Pending Claim Exclusion as it currently appears in the PIIC Policy would bar coverage for the Wafula Action despite the fact that Artech did not become aware until on or after January 19, 2018 that the Claim Letter had been sent before December 31, 2017, then the language of the Prior and Pending Claim Exclusion should be reformed to include a requirement that Artech be aware of "any litigation or demand" before December 31, 2017 in order for that exclusion to potentially apply.

WHEREFORE, Plaintiff Artech Information Systems, LLC ("Artech") demands judgment against Defendant Philadelphia Indemnity Insurance Company ("PIIC") for:

(a) a declaratory judgment in favor of Artech and against PIIC that PIIC is obligated to provide a defense and insurance coverage to Artech under the PIIC Policy with respect to the Wafula Action;

(b) an Order declaring that PIIC is responsible for Artech's defense costs and liability with respect to the Wafula Action incurred by Artech as of the date that Artech first provided notice to PIIC of the Wafula Action;

(c) an Order reforming the Prior and Pending Claim Exclusion so as to require that Artech be aware of a pending litigation or demand before the Prior and Pending Date set forth in Item 5 of the Declarations Page in order for the Prior and Pending Claim Exclusion to potentially apply to bar coverage for the Wafula Action;

(d) compensatory and consequential damages;

(e) pre- and post-judgment interest;

(f)  attorneys' fees and costs of suit; and

(g)  such further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff Artech Information Systems, LLC hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff Artech Information Systems, LLC hereby designates Jeffrey S. Lipkin as trial counsel in the within matter pursuant to Rule 4:25-4.

## RULE 4:5-1(b)(2) CERTIFICATION

I hereby certify that the underlying action that is the subject matter of this declaratory judgment action is pending in the Superior Court of New Jersey in an action styled Esther Wafula v. Artech Information Systems, LLC, et al., Docket No. MID-L-4457-18.  I hereby certify that other than the foregoing action, the subject matter of this action is not the subject of any other action pending in any Court or any arbitration proceeding and that no such action or arbitration proceeding is contemplated by plaintiff.

I hereby certify that the foregoing statements are true and I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

**RULE 1:38-7(b) CERTIFICATION**

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

          LAW OFFICE OF JEFFREY S. LIPKIN
          Attorneys for Plaintiff,
          Artech Information Systems, LLC

By: *Jeffrey S. Lipkin*
          Jeffrey S. Lipkin

Dated: February 13, 2020